**Jessie Leon PARKER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72–1120**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1972.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jessie Leon Parker, pro se.

Crawford Martin, Atty. Gen., Max P. Flusche, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, E. Bruce Curry, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER, and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.

Appellant is serving a ten year sentence, having been convicted upon trial by jury of murder with malice. The conviction was affirmed on direct appeal. Parker v. State, Tex.Crim.App. 1968, 432 S.W.2d 526. Appellant thereafter sought habeas corpus relief in the state trial court without success. Appellant urged the following grounds for habeas corpus relief in the court below:

(1) trial counsel was ineffective for failing to object to the introduction into evidence of photographs of the deceased; (2) trial counsel was ineffective in that he failed to object to the prosecutor's drawing attention to a magazine article concerning the crime;[1] (3) the trial court failed to charge the jury on the lesser included crime of murder without malice; and (4) the evidence was insufficient to warrant conviction.

The record and appertaining law make it plain that there is no basis for federal habeas corpus relief on these grounds, whether considered separately or in combination.

Affirmed.

---

1. The state trial judge has certified that this did not happen, and the record does not show that it did happen. 28 U.S.C.A., § 2245.